in his deposition hereto annexed; and that in the course of said examination the questions arose which are stated in said examination; which questions are hereby, at the request of the parties, certified to the honorable, the judge of the district court of the United States for the southern district of New York for his decision thereon. Isaac Dayton, Register.

Examination of George W. Carson and Melvin G. Hard, the bankrupts above named, taken pursuant to an order made in this bankruptcy court.

Melvin G. Hard, one of the bankrupts, appeared in person and by Mr. Boardman, his counsel.

The examining creditors appeared by Mr. Winslow. The witness, having testified that certain property belonged to his wife, was asked: 40. Q. Have either you or your wife ever talked of selling it? A. I don't know what she has talked about; I have not. 41. Q. Have you ever heard her speak of it? Objected to by counsel for the bankrupt. Answer insisted upon. Bankrupt declines to answer the question. Witness, having further testified as to the transfer of the property, was asked: 67. Q. Did your wife keep a bank account at that time? Objected to. Answer insisted upon. A. I decline to answer that question. The witness, having spoken of a horse and wagon being kept at a certain stable, was asked: 99. Q. Where were the horse and wagon taken to from that stable? Objected to. Answer insisted upon. The bankrupt declines to answer. The witness, having testified about the purchase of some lots, was asked: 229. Q. Did you recommend the purchases? Objected to. The bankrupt declines to answer. Witness, having testified that his brother carried on the paper business, was asked the following questions: 264. Q. How long has he carried on the paper business in Beekman street. Objected to. The bankrupt declines to answer. 265. Q. Is he the successor of Carson & Hard? Objected to. Answer insisted upon. The bankrupt declines to answer. 266. Q. What became of your business when you failed? A. It went into the hands of the assignees, William Binns and Samuel Bates. 267. Q. What did they do with it? Objected to. Answer insisted upon. The bankrupt declines to answer. 268. Q. Did they turn it over to A. P. Hard. and if so, when? Objected to. Answer insisted upon. The bankrupt declines to answer. 269. Q. Who, if any one, is the managing agent for A. P. Hard in New York? A. I act for him. 270. Q. How long have you acted for him? A. I could not say positive; six or seven years. 271. Q. Ever since he has had possession of that store? A. Yes. 272. Q. When was he in New York last? Objected to. Answer insisted upon. The bankrupt declined to answer. 273. Q. How frequently has A. P. Hard been in New York since he has carried on this business? Objected to. Answer insisted upon. The bankrupt declined to answer. 274. Q. State about what is the value of the stock in this business? Objected to. Answer insisted upon. The bankrupt declined to answer.

By Isaac Dayton, Register:

A statement of the opinion of the [register] as to the relevancy of the various questions in respect to which objections were taken, is given in the case of each objection as it arose in the course of the examination. The objection to the 41st question, does not in the judgment of the [register] admit of any discussion. As to the 67th question, the [register] is unable to perceive that it comes within the scope of the examination provided for by the 26th section of the bankrupt act, to inquire whether the "wife of a bankrupt kept a bank account." With respect to the 99th question, the opinion of the [register] is, that there is not anything disclosed by the examination thus far of the bankrupt to make it of any consequence to what place the horse and wagon were taken from the stable mentioned. The 264th question being objected to, nothing having appeared to show that the bankrupt was concerned in the business, carried on by A. P. Hard, it was immaterial how long he had carried on that business. But when by the 265th question, the bankrupt was asked whether A. P. Hard, was the successor of Cardon & Hard, this might relate to "the disposal of his property," by the bankrupt, and in the judgment of the [register] was within the scope of the statute. In the opinion of the [register] the bankrupt having testified that the business went into the hands of the assignees, the bankrupt cannot be called upon to answer what they did with it, or whether they turned it over to A. P. Hard, as inquired of him by questions 267 and 268. On the facts thus far disclosed, there is not in the opinion of the [register] any foundation laid for the inquiries made by questions 272, 273 and 274.

BLATCHFORD, District Judge. I think that question 41 is improper, and that questions 67, 99, 229, 264, 265, 267, 268, 272, 273 and 274 are proper.

CARSON (ARMSTRONG v.). See Case No. 543.

## Case No 2,461a.

### CARSON v. BLAZER.

[Cited in Fisher v. Carter, Case No. 4.815. This is a state case, and is reported in 2 Bin. (Pa.) 475.]